IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

REGINALD J. KATER, #152 401          *

     Plaintiff,                    *

          v.                   * CIVIL ACTION NO.1:03-CV-923-T
                                           (WO)

LAMAR GLOVER, *et al.*,               *

     Defendants.                   *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Reginald Kater, filed  this 42 U.S.C. § 1983 action on September 8, 2003.

When he filed the complaint, Plaintiff was incarcerated in the Houston County Jail located

in Dothan, Alabama.[1]  According to the complaint, on July 29, 2003 Plaintiff and other

inmates were  playing basketball.  During the game inmate Kenneth Ingram accidentally bit

Plaintiff on the shoulder.  Plaintiff asserts that Defendants were aware that inmate Ingram

"was  HIV or AIDS positive."[2]  Because they knew of inmate Ingram's condition, Plaintiff

complains that Defendants' conduct in  allowing a HIV-positive  inmate to be housed with

the general population exhibited deliberate indifference to his health and safety in violation

---

[1]Plaintiff is currently housed at the Easterling Correctional Facility located in Clio, Alabama.

[2]Plaintiff's allegations are not entirely clear as to whether inmate Ingram is infected with the virus
causing AIDS, also referred to as being HIV-positive, or suffers from AIDS. He indicates that inmate Ingram
is "HIV or AIDS positive."  (Doc. No. 1.)   In his opposition, Plaintiff asserts that inmate Ingram "has a
communicable disease, Human Immune Virus (HIV)." (Doc. No. 21.) For ease of reference, the court will
assume that Plaintiff alleges that inmate Ingram is HIV-positive.

of the Constitution.  Named as defendants are Sheriff Lamar Glover, Commander Bowers, and Sergeant A. B. Reynolds.  Plaintiff seeks monetary damages.

Defendants  filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief. (Doc. No. 11.)  The court deems it appropriate to treat the special report as a motion for summary judgment.  Plaintiff opposes the motion.  (Doc. No. 21.) Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition,  the court concludes that the motion for summary judgment is due to be granted.

# I. BACKGROUND

On July 29, 2003 Plaintiff engaged in a game of basketball with several other inmates including inmate Kenneth Bryant.  During the game, inmate Bryant accidentally bit Plaintiff on the shoulder.  The bite pierced Plaintiff's skin resulting in some bleeding. Plaintiff asserts that he only became aware that  inmate Bryant was  HIV-positive after the July 29 incident. He maintains, however, that Defendants had knowledge of inmate Bryant's condition yet failed to segregate him from uninfected inmates.  Plaintiff argues that Defendants' conduct exhibited deliberate indifference to his safety in violation of his constitutional rights and placed  him  at high risk for contracting the deadly HIV/AIDS virus.   (Doc. No. 1.)

Defendants filed a motion for summary judgment asserting that Plaintiff's allegation that they failed to segregate a HIV-positive inmate from non-infected inmates is not  a constitutional violation and that none of their actions constituted a violation of Plaintiff's

constitutional rights.  Defendants further contend that to the extent Plaintiff alleges that they acted with negligence, such contention fails to state a claim of constitutional magnitude. (Doc. No. 11.)

## II.  STANDARD OF REVIEW

To survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce some evidence supporting his constitutional claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  He must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"  *Id*. at 324.  A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing

3

a genuine issue of material fact.  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

## III.  DISCUSSION

*A. The Negligence Claim*

Plaintiff alleges that Defendants acted negligently when they housed an inmate with a communicable disease with other non-infected inmates.  The Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty, or property.  *Daniels v. Williams*, 474 U.S. 327 (1986).  The protections of the Constitution "are just not triggered by lack of due care by prison officials."  *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *see also Daniels*, 474 U.S. at 333.   Because this claim does not rise to the level of a constitutional violation, the court finds that it  provides no basis for relief in this 42 U.S.C. § 1983 action.

*B.  The Housing of  an HIV-Positive Inmate in General Population Claim*

In this Circuit, the law is settled that correctional administrators may constitutionally segregate prisoners who test positive for HIV.  *See Harris v. Thigpen*, 941 F.2d 1495 (11th Cir. 1991).  It is likewise clear, however, that jail administrators are not required to segregate prisoners with AIDS or who are HIV-positive. *Johnson v. United States*, 816 F. Supp. 1519, 1524  (N.D. Ala. 1993) (defendants' policy of not segregating prisoners with AIDS did not violate the Eighth Amendment); *Muhammad v. United States Bureau of Prisons,* 789 F. Supp. 449, 450  (D. D.C. 1992) (segregation of all HIV-positive prisoners or those with

AIDS is not a remedy generally available to prisoners); *Hoover v. Watson,* 886 F. Supp. 410, 417 (D. Del.1995) ("the failure to segregate an AIDS-infected prisoner from the general population fails to rise to the level of a constitutional violation.").   Thus, the housing of an HIV/AIDS infected inmate in a jail's general population does not rise to the level of a constitutional violation.  Moreover, placing an inmate in the same cell with an HIV/AIDS infected inmate does not amount to a constitutional violation. *Davis v. Stanley*, 740 F. Supp. 815, 818 (N.D. Ala. 1987) (rejecting Eighth Amendment claim of cruel and unusual punishment against sheriff who placed prisoner in cell with HIV-infected inmate where  no deliberate indifference to the well-being of the prisoner was found); *Marcussen v. Brandstat*, 836 F. Supp. 624, 628 (N.D. Ohio 1993) (defendants entitled to summary judgment on inmate's claim that being housed with a HIV-positive inmate violated his constitutional rights);  *Oladipupo v. Austin,* 104 F. Supp.2d 626, 635 (W.D. La. 2000) (finding no affirmative duty under the Constitution to segregate HIV-infected from non-infected detainees).


*C. The Eighth Amendment Claim.*

      The pleadings and documents before the court reflect that Plaintiff  was a pretrial detainee at the time the incident about which he complains occurred. (*See* Doc. No. 21.) Consequently, Plaintiff's rights under the Fourteenth, and not the Eighth, Amendment are implicated in this case. *See Bell v. Wolfish,* 441 U.S. 520, 537 n. 16 (1979); *City of Revere v. Massachusetts General Hospital,* 463 U.S. 239, 244 (1983); *Ingraham v. Wright,* 430 U.S.

651, 671-72 n. 40 (1977). In *Bell,* the Supreme Court concluded that a pretrial detainee has

"at least those constitutional rights ... enjoyed by convicted prisoners." *Id*. 441 U.S. at 545.

Prison officials have a duty to provide detainees with constitutional conditions of

confinement, and the minimum standard allowed by the due process clause is the same as that

allowed by the Eighth Amendment for convicted persons. *See Hamm v. DeKalb County,* 774

F.2d 1567, 1573-74 (11th Cir.1985); *Lancaster v. Monroe Cty.,* 116 F.3d 1419, 1425 n. 6

(11th Cir.1997) (the standard for providing basic human needs to those incarcerated or in

detention is the same under both the Eighth and Fourteenth Amendments). The court,

therefore, looks to the Eighth Amendment to analyze Plaintiff's claim that Defendants

subjected him to unconstitutional conditions of confinement.

Plaintiff asserts that the Defendants' actions in placing an HIV-positive inmate among

non-infected inmates constituted deliberate indifference to his basic needs because

Defendants allegedly were aware that inmate Ingram was infected with the AIDS virus.

Plaintiff maintains that Defendants' conduct exposed him to an unreasonable risk of serious

harm.

Prison officials may be held liable under the Eighth or Fourteenth Amendment for

acting with "deliberate indifference" to an inmate's health or safety only if they know that

an inmate faces a substantial risk of serious harm and disregard that risk by failing to take

reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). These

officials have a duty under the Constitution to provide humane conditions of confinement and

they must ensure that inmates receive adequate food, clothing, shelter, and medical care, and

must protect prisoners from violence at the hands of other prisoners. *Id.* However, a constitutional violation occurs only where the deprivation alleged is, objectively, "sufficiently serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), and the official has acted with "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834. "When officials become aware of a threat to an inmate's health and safety, the [Constitution's] proscription against cruel and unusual punishment imposes a duty to provide reasonable protection." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990); *see also Hopkins v. Britton*, 742 F.2d 1308, 1310 (11th Cir.1984). "It is obduracy and wantonness [however], not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause...." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Id.* at 319. It is, therefore, clear that prison personnel cannot be found liable unless they know of and disregard an excessive risk to an inmate's health or safety.

Here, Plaintiff must demonstrate that he risked contracting the AIDS virus from those infected inmates, if any, who stated an intention to infect other inmates. Plaintiff presents no evidence of any express risk that inmate Ingram or any other HIV-positive or AIDS infected inmate presented prior to the incident on July 29, 2003. More importantly, Plaintiff presents no evidence that Defendants were aware of any such risk from inmate Ingram or any other individual, or that any Defendant took action or failed to take any action that could be considered as deliberate indifference to the safety of Plaintiff or any other inmate from any

7

such alleged risk.  Moreover, Plaintiff has presented no evidence to show that Defendants acted with the requisite culpable state of mind.   Plaintiff also does not allege that he contracted the AIDS virus a result of the incident with inmate Bryant, but only that he  fears that he may have contracted the disease from him.[3] However, allegations of a generalized fear of contracting HIV/AIDS from infected inmates and conclusory assertions that prison officials are aware of the existence of infected inmates in population and have done nothing to intervene are insufficient to state either an unconstitutional condition of confinement or a  sufficiently culpable state of mind to constitute a violation of the Eighth Amendment.  *See Farmer*, 825 U.S. at 837;  *Wilson*, 501 U.S. at 303.

   Plaintiff fails to establish the requisite deliberate indifference to inmate health or safety necessary to establish an Eighth Amendment violation under § 1983.  In light of the foregoing, the court concludes that Defendants' motion for summary judgment on this claim is due to be granted.  *Farmer*, 511 U.S. at 834; *see also Celotex Corp.,* 477 U.S. at 322.


## IV.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment (Doc. No. 11) be GRANTED;

2.  This case be DISMISSED with prejudice; and

---

[3]The unrefuted evidentiary material before the court reflects that medical personnel's examination of Plaintiff's injury the day after he had  been accidently bitten by inmate Ingram revealed that he had an abrasion which was not consistent with his claim of a human bite.  Medical personnel cleansed the abrasion and treated it with a topical antibiotic.  Plaintiff also received an oral antibiotic and blood was drawn for appropriate testing.  Plaintiff tested negative for HIV and AIDS.  (Doc. No. 11, Speigner Affidavit.)

3.  The costs of this proceeding be taxed against Plaintiff.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 17, 2005**.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of  October 2005.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE